IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KIM JACOBS, | ) | Case No. CV-08-104-S-BLW |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| v. | ) | |
| | ) | |
| R & B SUNRISE, SAY YOU SAY | ) | |
| ME, INC., an Idaho corporation; and | ) | |
| BRIAN GODSILL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

Pending before the Court is Brian Godsill's motion to dismiss claims from

Kim Jacobs's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jacobs's complaint sets forth claims under state and federal law against Godsill, as

an individual, and R & B Sunrise, Say You Say Me, Inc., as a corporation. Godsill

asserts that Jacobs improperly alleged claims of sexual harassment and wrongful

discharge against him, as an individual. For reasons set forth below, the Court

grants the motion.

## BACKGROUND

Jacobs filed her complaint in this Court against R & B Sunrise, as a

**Memorandum Decision and Order – Page 1**

corporation, and Godsill, as an individual, on February 29, 2008.  According to the complaint, R & B Sunrise hired Jacobs in March 2006 as a server at two restaurants "owned and operated by R & B and Godsill."  *Complaint*, ¶ 10.  Godsill "is vice president of R & B and actively manages the restaurants owned by R & B where [Jacobs] was employed."  *Complaint*, ¶ 9.  Godsill made improper sexual advances towards Jacobs from the beginning of her employment, but Jacobs resisted Godsill's advances.  *Complaint*, ¶ 12, 13.  Godsill terminated Jacobs's employment in December 2006 "after Jacobs refused to respond favorably to Godsill's advances; and after Godsill's spouse became aware of Godsill's affections for Jacobs."  Complaint, ¶ 15.

The complaint sets forth claims of: (1) sexual harassment, pursuant to the Idaho Human Rights Act (IHRA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); (2) retaliation and wrongful discharge, pursuant to the IHRA and Title VII, 42 U.S.C. § 2000e-3(a); (3) breach of implied duty of good faith and fair dealing and/or public policy in an employment contract; and (4) negligent and/or intentional infliction of emotional distress.  Jacobs alleged each claim against both R & B Sunrise and Godsill.

On April 3, 2008, R & B Sunrise filed an answer and an amended answer, and Godsill filed a motion to dismiss the Title VII and IHRA claims against him,

**Memorandum Decision and Order – Page 2**

as an individual, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In

opposition to Godsill's motion, Jacobs filed affidavits and public records.  The

public records indicate that Godsill is the registered agent and president of R & B

Sunrise and filed the articles of incorporation.  Jacobs alleged in her affidavit that

Godsill ran R & B Sunrise as though he were the owner, and Jacobs considered

Godsill to be her employer.  *Jacobs Affidavit* at ¶ 7.  Jacobs's counsel alleged in a

separate affidavit that her review of the annual reports of R & B Sunrise revealed

that Godsill has always been one of two directors of R & B Sunrise.  *Fischer*

*Affidavit* at ¶ 4.  Godsill's motion to dismiss is now before this Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  While a

complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed

factual allegations," it must set forth "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1965.

Factual allegations must be enough "to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)."  *Id.* (internal citations omitted).  The Supreme Court explained that:

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.* (footnote and quotation omitted).

As the Ninth Circuit recently stated, "[t]o avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Clemens v. Daimler Chrysler Corp.*,  534 F.3d 1017, 1022 (9th Cir. 2008), *as amended*, (quoting *Twombly*, 127 S. Ct. at 1974).  Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).   The Ninth Circuit

**Memorandum Decision and Order – Page 4**

has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he is entitled to offer evidence to support the claims. *See Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

### A.     Individual Liability Under Title VII and the Idaho Human Rights Act

Godsill asserts that Title VII and the IHRA do not impose liability on

individual officers or employees of the employer.  Jacobs agrees with that general

premise but asserts that an individual may be liable when he or she is the

employer's "alter ego."  Some courts have held that a supervisor may be liable

under the alter ego theory of Title VII liability when the supervisor's role is more

than that of a mere supervisor but is actually identical to that of the employer.  *See,*

*e.g., Santiago v. Lloyd*, 33 F.Supp.2d 99, 103 (D.P.R. 1998).

      The Ninth Circuit has not directly addressed the alter ego theory.  The

Seventh and Eleventh Circuits, however, have directly rejected this theory of Title

VII liability.  *See Dearth v. Collins*, 441 F.3d 931, 934 (11th Cir. 2006); *Worth v.*

*Tyer*, 276 F.3d 249, 262 (7th Cir. 2001).  Additionally, the Ninth Circuit has long

held that Title VII does not authorize individual liability for officers, supervisors,

and coworkers.  *See, e.g., Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th

Cir. 2007); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993);

*Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

      Courts have explained that a supervisor, who does not otherwise qualify as

an "employer," cannot be held individually liable under Title VII and similar

statutory schemes.  *See Wathen v. General Elec. Co.*, 115 F.3d 400, 404 (6th Cir.

1997); *E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir.

1995); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994).  *But see Paroline*

**Memorandum Decision and Order – Page 6**

*v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir. 1989) ("individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment"), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir. 1990).

The problem with the alter ego theory is that it disregards state law protections of the corporate structure to impose personal liability upon a corporation's shareholders. *See Worth*, 276 F.3d at 262. *See also VFP VC v. Dakota Co.*, 109 P.3d 714, 723 (Idaho 2005). To reach the personal assets of Godsill as a corporate officer, shareholder, or director, Idaho law would ordinarily require Jacobs to prove the elements of the doctrine of "piercing the corporate veil." *See VFP VC*, 109 P.3d at 723. This would include a showing that protecting the corporate structure would sanction a fraud or promote injustice. *Id.* In contrast, application of the alter ego theory of Title VII liability would enable Jacobs to reach Godsill's personal assets merely by proving that Godsill's role was identical to that of R & B Sunrise. *See Santiago*, 33 F.Supp.2d at 103. This Court concludes that the Ninth Circuit would not recognize the alter ego theory of Title VII liability. Godsill can therefore be individually liable under Title VII only if Jacobs proved that Godsill, and not R & B Sunrise, was Jacobs's employer.

Jacobs failed to allege that Godsill, and not R & B Sunrise, was her

employer.  For the purposes of ruling on this motion to dismiss, the Court may

consider the allegations in Jacobs's complaint and the public records, but not the

allegations contained in the affidavits.  *See Disabled Rights Action Comm.*, 375

F.3d at 866 n.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir.1990).  The public records establish that Godsill is the

registered agent and president of R & B Sunrise and filed the articles of

incorporation.  Jacobs's complaint alleges that Godsill is vice president of R & B

Sunrise, actively manages the restaurants owned by himself and R & B Sunrise,

and fired Jacobs.  *Complaint*, ¶¶ 9, 14.  Jacobs also alleged generally that she was

hired and employed by Godsill and R & B Sunrise.  *Id.*, ¶¶ 10, 11.  These facts do

not establish that Godsill was Jacobs's employer independently from R & B

Sunrise and thus liable in his individual capacity.

The Court should grant Jacobs leave to amend the complaint unless it is

beyond doubt Jacobs would be unable to allege facts establishing a valid Title VII

claim against Godsill individually.  *See Livid Holdings Ltd. v. Salomon Smith

Barney, Inc.*, 416 F.3d at 946.  The affidavits contain allegations that Jacobs

considered Godsill to be her employer, and that Godsill has always been one of

two directors of R & B Sunrise.  *See Jacobs Affidavit* at ¶ 7; *Fischer Affidavit* at ¶

4.  Even accepting these allegations as true, Jacobs appears to be unable to

**Memorandum Decision and Order – Page 8**

establish Godsill's individual liability without the use of the alter ego theory because the record reveals R & B Sunrise's existence as a corporation. The Court, however, will dismiss the Title VII claims against Godsill without prejudice, in the event that Jacobs could allege facts establishing Godsill's individual liability without the use of the alter ego theory. Pursuant to the scheduling order (docket no. 22), Jacobs may file an amended complaint by November 21, 2008.

Jacobs has failed also to demonstrate that the IHRA entitles her to relief against Godsill in his individual capacity. Indeed, the Idaho Supreme Court has held that individual officers, employees, and agents of an employer are not subject to personal liability under Title VII or the IHRA. *Foster v. Shore Club Lodge, Inc.*, 908 P.2d 1228, 1232-33 (Idaho 1995) ("We see no reason to allow a different result under the Idaho Human Rights Act"). This Court concludes that the Idaho Supreme Court would not accept Jacobs's alter ego theory of liability under the IHRA. Thus, the Court will dismiss, without prejudice, the IHRA claims against Godsill for the same reasons provided with regard to the Title VII claims.

## B.    Attorney's Fees

Godsill requests attorney's fees incurred in bringing this motion to dismiss. Godsill asserts that prior to bringing this motion he requested that Jacobs amend her complaint to exclude the Title VII and IHRA claims against him, as an

**Memorandum Decision and Order – Page 9**

individual.  For the first time in his reply brief, Godsill cites 42 U.S.C.

§ 2000e-5(k), as the basis for an award of attorney's fees.  Pursuant to that section,

a "district court may in its discretion award attorney's fees to a prevailing

defendant in a Title VII case upon a finding that the plaintiff's action was

frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421

(1978).  This case presents an issue of first impression in the Ninth Circuit, and

Jacobs's arguments are not frivolous.  The Court therefore declines to award

attorney's fees

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss

(Docket No. 8) is GRANTED and the Title VII and Idaho Human Rights Act

claims against defendant Godsill, as an individual, are DISMISSED, without

prejudice, from this action.  Jacobs may file an amended complaint by October 21,

2008, the deadline specified in the Case Management Order (Docket No. 22).

IT IS FURTHER ORDERED, that defendant Godsill's request for attorney fees incurred in bringing the motion to dismiss is DENIED.

DATED: **October 17, 2008**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 11**